UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN JAMAR COKLEY,<br><br>Defendant | Criminal No.  **25cr10404**<br><br>Violations:<br><br>Counts One through Four: Sexual Exploitation of Children<br>(18 U.S.C. §§ 2251(a) and (e))<br><br>Count Five: Coercion and Enticement of a Minor<br>(18 U.S.C. § 2422(b))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 2253)<br><br>Coercion and Enticement of a Minor Forfeiture Allegation:<br>(18 U.S.C. § 2428(a)) |

INDICTMENT

COUNT ONE
Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury charges:

On various dates in or about February 2024, in the District of Massachusetts, the defendant,

JOHN JAMAR COKLEY,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 1" (YOB 2007), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and

affecting interstate and foreign commerce, by any means, including by computer, and the visual

depiction was actually transported and transmitted using any means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT TWO
### Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury further charges:

On various dates in or about February 2024, in the District of Massachusetts, the defendant,

JOHN JAMAR COKLEY,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 3" (YOB 2008), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT THREE
Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury further charges:

On various dates in or about January 2024, in the District of Massachusetts, the defendant,

JOHN JAMAR COKLEY,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 4" (YOB 2008), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

<u>COUNT FOUR</u>
Sexual Exploitation of Children
(18 U.S.C. §§ 2251(a) and (e))

The Grand Jury further charges:

On various dates in or about February 2024, in the District of Massachusetts, the defendant,

JOHN JAMAR COKLEY,

employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 5" (YOB 2007), to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

COUNT FIVE
Coercion and Enticement of a Minor
(18 U.S.C. § 2242(b))

The Grand Jury further charges:

Between on or about November 1, 2023, and on or about March 5, 2024, in the District of

Massachusetts, and elsewhere, the defendant,

JOHN JAMAR COKLEY,

did use a facility and means of interstate and foreign commerce to knowingly persuade, induce,

entice, and coerce Minor 2 (YOB 2009), an individual who had not attained the age of 18 years,

to engage in any sexual activity for which any person can be charged with a criminal offense, to

wit: Title 18, United States Code, Section 2251, Mass. Gen. Laws chapter 272, section 29A(b),

and Mass. Gen. Laws chapter 272, section 29C, and attempted to do so.

All in violation of Title 18, United States Code, Section 2422(b).

6

FORFEITURE ALLEGATION
(18 U.S.C. § 2253)

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Section 2251, as set forth in Counts One through Four of this Indictment, the

defendant,

JOHN JAMAR COKLEY,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

2253, (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260

of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter

which contains any such visual depiction, which was produced, transported, mailed, shipped, or

received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting

or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property,

real or personal, used or intended to be used to commit or to promote the commission of such

offenses or any property traceable to such property.   The property to be forfeited includes, but is

not limited to, the following:

> a.   one Purple Apple iPhone bearing serial number DNPCN1QKN733, seized on March 4, 2024, from a 2014 Honda sedan bearing Massachusetts registration number 3ALN99 in Dorchester, Massachusetts.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant

to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the Court;

7

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2253.

<u>COERCION AND ENTICEMENT OF A MINOR FORFEITURE ALLEGATION</u>
(18 U.S.C. § 2428(a))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 2422(b), set forth in Count Five, the defendant,

JOHN JAMAR COKLEY,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2428(a), any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense, and any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense.    The property to be forfeited includes, but is not limited to, the following:

   a.   one Purple Apple iPhone bearing serial number DNPCN1QKN733, seized on March 4, 2024, from a 2014 Honda sedan bearing Massachusetts registration number 3ALN99 in Dorchester, Massachusetts.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2428(a), as a result of any act or omission of the defendant—

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2428(a).

A TRUE BILL

_____
FOREPERSON

_____
LUKE A. GOLDWORM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: OCTOBER 16, 2025
Returned into the District Court by the Grand Jurors and filed.


/s/ Noreen A Russo
_____
DEPUTY CLERK         at 12:03 PM